UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE NO.:9:10-cv-81501-XXXX

**DINA A. BOYER,**

        Plaintiff,

vs.

**EMPIRE INDEMNITY INSURANCE COMPANY, a foreign corporation,**

        Defendant.

_____/

**MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW
OF DEFENDANT EMPIRE INDEMNITY INSURANCE COMPANY**

Defendant, EMPIRE INDEMNITY INSURANCE COMPANY (hereinafter "Empire"), by and through undersigned counsel, hereby files this their Motion to Dismiss the Complaint of DINA A. BOYER (hereinafter "Plaintiff") and in support thereof states as follows:

**Motion to Dismiss**

1. Plaintiff has brought this Complaint against Empire claiming declaratory relief (Count I) and violations of Florida's Insurance Code, namely § 624.155 and §626.9551(1)(c), in connection with so called "forced placed" or "lender placed" insurance allegedly purchased by the Plaintiff's mortgage lender, Option One Mortgage Corporation [D.E. 1, Ex. A, hereinafter referred to as "Complaint"].

2. Empire is an Oklahoma based surplus lines insurance company that provides lender

CASE NO.:9:10-cv-81501-XXXX<br>Empire's Motion to Dismiss

placed insurance [D.E. 1, Ex. A, paras. 3-4].

3. Plaintiff allegedly suffered a loss on October 24, 2005, as a result of Hurricane Wilma (Complaint, para. 10).

4. Plaintiff did not report this loss to Empire until May 11, 2009 (Complaint. Para. 11).

5. Empire determined that Plaintiff had duplicate coverage with another carrier and that they had no policy in effect for Plaintiff; as a result Plaintiff's claim for hurricane damage was denied (Complaint, paras. 12-13).

6. Plaintiff's Complaint seeks a declaration that Empire's policy was in full force and effect and that Empire is obligated to provide her with any indemnity she is due under the insurance policy (Count I). Plaintiff also seeks damages for bad faith pursuant to § 624.155, Florida Statutes, for violations of § 626.9551, Florida Statutes (Count II). Plaintiff also seeks punitive damages as part of her claim (Complaint, para. 44).

7. The allegations in the Complaint do not support Plaintiffs' claims in Count II. Rather, the facts, as pled, demonstrate that Plaintiff has no cognizable causes of action in Count II because:

   a. There is no violation of § 626.9551(1)(c), Florida Statutes as there was no "separate charge;"

   b. Plaintiff has failed to adequately allege civil conspiracy; and

   c. There can be no claim for violation of §624.155, Florida Statutes as it is premature.

CASE NO.:9:10-cv-81501-XXXX
Empire's Motion to Dismiss

8.  Moreover, Plaintiff cannot advance a claim for punitive damages as she has failed to provide any specific basis combined with the prematurity of the claim at this time.

### Memorandum of Law

**I.   The Standard For Rule 12(b)(6) Motions**

Plaintiffs' First Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted because, as pled, it does not include sufficient factual allegations to support the claims for violations of Florida Statutes.

In evaluating motions to dismiss, the Supreme Court has held that largely groundless claims should be exposed "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quotation omitted). The Court further stated that early resolution is appropriate where a Plaintiff's cause of action is simply not plausible. *Id*. at 570.

A complaint must contain, at a minimum, allegations giving fair notice of what the plaintiff's claim is and the grounds that support it, including "factual allegations adequate to raise a right to relief above a speculative level." *Financial Sec. Assur. Inc. v. Stephens Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2008) (citing *Twombly*). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Conclusory allegations, unwarranted factual deductions, and conclusions of law need not be accepted as true and such allegations, masquerading as facts, will not prevent dismissal. *Wagner v. Daewoo Heavy Indus. Am.*

CASE NO.:9:10-cv-81501-XXXX<br>
Empire's Motion to Dismiss

*Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), aff'd in relevant part *en banc*, 314 F.3d 541 (11th Cir. 2002); *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Gersten v. Rundle*, 833 F. Supp. 906, 910 (S.D.Fla. 1993). Without resort to such illegitimate means, "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Financial Sec. Assur. Inc.*, 500 F.3d at 1282. Dismissal under Rule 12(b)(6) is proper where a claim suffers from a dispositive legal flaw, or where the facts alleged simply cannot support an element of the claim. *Aldridge v. Lilly-Tulip, Inc. Salary Retirement Plan Benefits Comm.*, 953 F.2d 587, 593 (11th Cir. 1992).

Plaintiff's complaint fails to meet these standards and dismissal is appropriate as set forth below.

Additionally, Under F. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While motions to strike are generally disfavored, they should be granted when the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties. Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla. 1995).

To the extent Plaintiff has asserted a claim for punitive damages in Count II, it must be stricken at this time.

**II.     The Complaint Fails to State Any Causes of Action In Count II.**

   **A.     There is no violation of §626.9551(1)(c), Florida Statutes**.

CASE NO.:9:10-cv-81501-XXXX
Empire's Motion to Dismiss

Florida Statute § 626.9551(1)(c) prohibits a lender from requiring a borrower to pay a separate service charge for obtaining lender placed Insurance over and above the premium charged by the insurer. Specifically, the statute provides in pertinent part:

> No person may...[r]equire, directly or indirectly, that any borrower, mortgagor, purchaser, insurer, broker, or agent pay a separate charge in connection with the handling of any insurance policy that is required in connection with a loan or other extension of credit or the provision of another traditional banking product, or pay a separate charge to substitute the insurance policy of one insurer for that of another, unless such charge would be required if the person were providing the insurance.

Fla. Stat. § 626.9551(1)(c).

In the Complaint, Plaintiff alleges that Section 626.9551(1)(c) was violated because "Empire Indemnity returned a substantial portion of that premium to Option One through various types of rebates and kickbacks. In effect, Option One and Empire Indemnity agreed to charge Plaintiff much more for the insurance policy than the actual cost that option one agreed to advance." (Complaint, para. 39). Plaintiff has misapplied the statute and their allegation of "separate charge" is refuted by other allegations in the Complaint.

First of all, there was no separate charge to the Plaintiff in connection with the lender placed Insurance. Option One advanced the premium for the Empire policy in the amount of $4,469.45. (See Complaint, Exhibit "A"). The Plaintiff states that she was later charged for the cost of the lender placed insurance in the exact same amount. (Complaint, para. 35). There is no allegation that Empire or Option One required, directly or indirectly,

CASE NO.:9:10-cv-81501-XXXX
Empire's Motion to Dismiss

that Plaintiff pay any separate charge in connection with the handling of the policy.[1] Since there was no "separate charge" to the Plaintiff over and above the premium charged by the insurer to the lender, the statute has not been violated.

### B. Plaintiff has failed to adequately allege civil conspiracy.

Because Plaintiff had no dealings with Empire, any claims against it are based solely on a nebulous "civil conspiracy" allegedly formed between OptionOne and Empire to violate § 626.9551, Florida Statutes (Complaint, para. 34). However, it is clear in both state and federal court that the mere use of the word "conspiracy" without supporting factual allegations, does not rehabilitate a legally deficient claim for relief.

A claim for civil conspiracy must include the following allegations: (1) a conspiracy between two or more parties; (2) the doing of an unlawful act or a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy. *Sonnenreich v. Philip Morris,* 929 F. Supp. 416, 419 (S.D. Fla. 1996). *See also, American United Life Ins. Co. v. Martinez*, 480 F. 3d 1043, 1067 (11th Cir. 2007) ("The elements that a plaintiff must allege for a conspiracy claim are that 1) two or more parties 2) agree 3) to commit an unlawful act."); *Pierson v. Orlando Regional Healthcare Systems, Inc.*, No. 6:08-cv-466-Orl-28GJK, 2010 U.S. Dist. LEXIS 33974, at *81 (M.D. Fla. Apr. 6, 2010) (*quoting In re Chiquita Brands*

---

[1] In fact, Plaintiff was never charged *any* premium as the policy at issue in this matter was flat canceled when it was determined that there was duplicate coverage in place (Complaint, Ex. C).

*Int'l, Inc.*, Nos. 08-01916-MD & 08-20641-CIV-KAM, 2010 U.S. Dist. LEXIS 9488, at *45 (S.D. Fla. Feb. 4, 2010)) ("A cause of action for civil conspiracy should allege the scope of the conspiracy, its participants, and when the agreement was entered into.") A "conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Solomon v. Blue Cross and Blue Shield Ass'n*, 574 F. Supp. 2d 1288, 1292 (S.D. Fla. 2008) (quoting *Twombly*, 550 U.S. 544). As stated by the Supreme Court in *Twombly*, "without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory." *Twombly*, 550 U.S. at 557. In *Twombly*, as in this case, the complaint "mentioned no specific time, place, or person involved in the alleged conspiracies" leaving the defendants "little idea where to begin" in formulating their answers." *Id*. at 656, n.10. Thus, a complaint may be justifiably dismissed where, like here, the allegations of conspiracy are conclusory, vague and general. *Pierson*, 2010 U.S. Dist. LEXIS 33974, at *81 (quoting *In re Chiquita Brands Int'l, Inc.*, 2010 U.S. Dist. LEXIS 9488, at *45).

Further, there can be no civil conspiracy claim here because a conspiracy cannot exist without an illegal act. *Carlson v. Armstrong World Industries, Inc.*, 693 F. Supp. 1073, 1078 (S.D. Fla. 1987) ("The basis of a civil conspiracy action is not the conspiracy itself but the civil wrong which is done through the conspiracy resulting in an injury to the plaintiff."); *Martinez*, 480 F.3d at 1067 ("[A] claim that is found not to be actionable cannot serve as the basis for a conspiracy claim."). Because, as explained above, there was no violation

CASE NO.:9:10-cv-81501-XXXX
Empire's Motion to Dismiss

of § 626.9551, Florida Statutes, there was no illegal act and thus no civil conspiracy. For the same reason, Plaintiffs have no claim for violation of the bad faith statute, § 624.155.

Because the Plaintiffs have not and cannot state a claim against Empire for violation of § 626.9551, either directly or vicariously through an alleged civil conspiracy, the Plaintiff's claims for relief for alleged violation of Section 626.9551, Florida Statutes, must be dismissed with prejudice. *See, e.g., Broner v. Washington Mut. Bank, FA*, 258 Fed. Appx. 254 (11th Cir. 2007) (complaint properly dismissed with prejudice where plaintiff failed to allege any fact that could potentially lead to liability under any of the statutes on which she relied); *Mangin v. Robertson*, 2008 WL 2522576 (M.D. Fla. 2008) (dismissing complaint with prejudice because plaintiff was unable to state a cause of action); *Harshman v. Hood*, 2005 WL 1228794 (M.D. Fla. 2005) (dismissing complaint with prejudice because it lacked a basis in fact or law and failed to allege essential elements of the claims for relief).

**C.     There can be no claim for violation of §624.155, Florida Statutes.**

A cause of action for violation of section 624.155 is premature until there is a determination of liability and the extent of damages owed on the first-party insurance contract. See *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) citing *Blanchard v. State Farm Mutual Automobile Ins. Co.*, 575 So. 2d 1289 (Fla. 1991). Until the issue whether Plaintiff has any insurance with Empire is determined, there exists a dispute as to the extent of damages owed. Thus, any claim for bad faith is premature. The bad faith claim Plaintiff is pursuing in Count II is premature until there has been a

CASE NO.:9:10-cv-81501-XXXX<br>
**Empire's Motion to Dismiss**

determination of liability and the extent of damages owed on the first-party insurance contract, thus bad faith discovery cannot be had. Addressing a similar issue, the court in *XL Specialty Ins. Co. v. Skystream, Inc.*, stated:

> Under the logic of *Imhof* and *Blanchard*, it is prejudicial to allow the injection of issues of bad faith into a coverage case, and to allow expanded bad faith discovery, before the underlying claim for damages under the insurance policy has been determined. For that reason, *Imhof* and *Blanchard* bar the assertion of a bad faith claim until such time as liability and damages under the insurance policy have been determined. The logic of the rule is equally applicable to claims of first-party and third-party bad faith. Because of the prejudice entailed, certiorari is available to challenge a premature bad faith claim or premature bad faith discovery. *Gen. Star*, 741 So.2d at 1261; see *Gov't Employees Ins. Co. v. Rodriguez*, 960 So.2d at 795-96; *Old Republic Nat'l Title Ins. Co. v. HomeAmerican Credit, Inc.*, 844 So. 2d 818, 819-20 (Fla. 5th DCA 2003).

*See XL Specialty Ins. Co. v. Skystream, Inc.*, 988 So. 2d 96, 98 (Fla. 3d DCA 2008)(emphasis supplied).

In the present case, Count II of Plaintiff's Complaint is seeking to declare that there was a policy of insurance covering Plaintiff's alleged loss. In pursuing Count II to declare that Empire insured Plaintiff for her loss, Plaintiff essentially concedes in Count I that there has not yet been a full determination as to whether there is coverage at all and the extent of damages owed, and thus, any bad faith claim is premature.

    **D.**    **The punitive damages claim must be stricken**.

Plaintiff's Complaint makes claims implicating punitive damages with no legally supported basis and thus, those allegations should be stricken. Section 624.155 provides

CASE NO.:9:10-cv-81501-XXXX
**Empire's Motion to Dismiss**

that:

> (5) No punitive damages shall be awarded under this section unless the acts giving rise to the violation occur with such frequency as to indicate a **general business practice** and these acts are:
>
> > (a) **Willful, wanton, and malicious**;
> >
> > (b) In reckless disregard for the rights of any insured; or
> >
> > (c) In reckless disregard for the rights of a beneficiary under a life insurance contract.
>
> Any person who pursues a claim under this subsection shall post in advance the costs of discovery. Such costs shall be awarded to the authorized insurer if no punitive damages are awarded to the plaintiff.

§624.155(5), Fla. Stat. (emphasis added); *see also* Fla. Std. Jury Instr. (Civ.) MI 3.1(d) & Comment ("To justify an award of punitive damages in a suit under the Civil Remedies Act, the behavior constituting a violation of the Act must occur with such frequency as to indicate a "general business practice."). In Paragraph 44 of the Complaint, Plaintiff alleges:

> 44.) Plaintiff believes that the conduct described above is wilful, wanton and malicious and occurs with such frequency to indicate a general business practice.

Entitlement to punitive damage relief exists only when a plaintiff has met its obligation to provide the grounds for entitlement as opposed to only a mere possibility. *See, e.g., 316, Inc. v. Md. Cas. Co.*, 2008 U.S. Dist. LEXIS 41049, *6 (N.D. Fla. May 21, 2008). This requires that a plaintiff provide grounds for entitlement to punitive damage relief which are more than labels and conclusions; a formulaic recitation of the elements

of a cause of action will not suffice. Id. at *7; see also *Dadeland Station Assocs. v. St. Paul Fire & Marine Ins. Co.*, 2003 U.S. Dist. LEXIS 21527 (S.D. Fla. June 13, 2003); *Shannon R. Ginn Constr. Co. v. Reliance Ins. Co.*, 51 F. Supp. 2d 1347, 1353 (S.D. Fla. 1999).

In the instant case, Plaintiff's allegations fail to set forth grounds to support a punitive damages claim. With a few minor exceptions, Paragraphs 24 through 43 of the Complaint only contain general allegations as to Empire's conduct.[2] Plaintiff has failed to set forth sufficient facts that would demonstrate how Empire acted in bad faith in the handling of Plaintiff's policy, and therefore, fails to demonstrate a general business practice in the handling of Plaintiff's policy.  Likewise, Plaintiff alleges no facts as to how Empire's alleged acts were willful, wanton and malicious, absent a regurgitation of the statutory language.  Therefore, Plaintiff's purported claim for punitive damages should be stricken.

## Conclusion

WHEREFORE, Defendant, EMPIRE INDEMNITY INSURANCE COMPANY, moves this Court to dismiss the Complaint with prejudice, enter judgment in their favor and against the Plaintiff, declare that no obligations are owed under any policy of insurance by Empire to Plaintiff, and such other relief as the Courts deems just, proper and equitable.

---

[2] Plaintiff's complaint makes allegations of "various types of rebates and kickbacks" by Empire to Option One without stating with any specificity how much of the premium went from Empire to Option One (Complaint, para. 39).

CASE NO.:9:10-cv-81501-XXXX
Empire's Motion to Dismiss

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing filed, sent via U.S. Mail and emailed via the Court's CM/ECF system to: Jeffrey N. Golant, Esq., 1000 W. McNab Road, Suite 150, Pompano Beach, FL 33069, jgolant@jeffreygolantlaw.com, this 19th day of November, 2010.

By:   */s/ Charles Andrew Tharp*
     Charles Andrew Tharp, Esquire
     Florida Bar No.: 0746134
     LEITER & BELSKY, P.A.
     Attorneys for Defendant
     707 S.E. Third Avenue, 3rd Floor
     Fort Lauderdale, Florida 33316
     (954) 462-3116 - Office
     (954) 761-8990 - Facsimile
     Atharp@jlblaw.com